### E. H. PUDRITH CO. v. WHITE.

PARTNERSHIP—HOLDING ONESELF OUT AS PARTNER.

In action against defendant on theory that he was partner in concern purchasing goods from plaintiff on credit, finding of trial court that defendant was not partner in fact, and that he had not held himself out to be partner, *held*, justified by evidence.

Appeal from Lenawee; Rathbun (G. Arthur), J. Submitted October 8, 1931. (Docket No. 51, Calendar No. 35,934.) Decided January 4, 1932.

Assumpsit by E. H. Pudrith Company, a Michigan corporation, against Ray White and Stanley W. Fabian on the common counts for merchandise sold. Judgment for defendants. Plaintiff appeals. Affirmed.

*Lewis Daniels,* for plaintiff.

*Baldwin & Alexander,* for defendant White.

Wiest, J. Plaintiff company sold jewelry on credit to the Adrian Jewelry Manufacturing Company, a copartnership composed of Stanley W. Fabian and Bert J. Hetherington. The copartnership existed but a short time. Mr. Hetherington contributed certain equipment and jeweler's tools and sold the same to defendant Ray White, retired from the firm, and notified plaintiff that White had purchased his interest. There is no showing that this statement by Hetherington was ever brought to the attention of Mr. White. Mr. White was engaged in another business in the city of Adrian. Shortly after Hetherington informed plaintiff company that he had sold to White, representatives of the company visited the city of Adrian, and claimed they went there to retake the jewelry, unless satisfied of White's pecuniary responsibility. While in the city of Adrian, they called upon Mr. White at his place of business, and mention was made of the fact that Mr. White had purchased the equipment from Mr. Hetherington, and Mr. White informed them that he had purchased the equipment and had loaned it to Mr. Fabian. Plaintiff's representatives then made mention of notes held by the company, and Mr. White stated:

"Since Mr. Fabian has paid his bills there is nothing to worry about and nothing to squawk about till such time as Mr. Fabian doesn't pay his bills."

Plaintiff claims that Mr. White stated:

"We have taken care of everything up to now and * * * when we fail to do so, then's the time to squawk."

We are inclined to accept Mr. White's version, because it is in line with all his other endeavors to help his friend. The jewelry was not retaken, probably because there was nothing due plaintiff at that

time. Later other jewelry was furnished the Adrian Jewelry Manufacturing Company.

This suit was brought against defendants Fabian and White on the claim that they were partners in fact, or, at least, Mr. White held himself out to be a partner.

At the trial, before the court without a jury, Fabian was discharged because of bankruptcy, and the court held that White was not a partner in fact, nor was there evidence that he held himself out to be a partner.

It seems strange that when the representatives of plaintiff visited Adrian they did not ask Mr. White whether he was a partner. If they had done so, an answer either way would have saved all this trouble.

The record discloses that Mr. White was not a partner in fact. He did buy Mr. Hetherington's equipment and left it for the use of Fabian. He also aided Mr. Fabian financially, and, in order to do so, consulted an attorney, and was advised that it would be proper for him to sign checks with Fabian. The testimony of the bank cashier and of the attorney fully supports the testimony of Mr. White that he did this merely as a matter of friendship for Mr. Fabian.

We find no evidence that Mr. White held himself out to be a partner, or allowed himself to be so held out. Mr. White was not an ostensible partner, as far as third persons were concerned, by assertions, admissions, and acts tending to show that he was such.

The finding of the trial court was in accord with the evidence, and the judgment is affirmed, with costs.

McDonald, Potter, Sharpe, North, Fead, and Butzel, JJ., concurred. Clark, C. J., did not sit.